# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DANNY L. N.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:19-CV-5887 - DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly evaluated the opinions of Drs. Renee Eisenhauer and Dan Donohue. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

| | |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |
| 2 | On November 9, 2016, Plaintiff filed applications for SSI and DIB, alleging disability as |
| 3 | of September 8, 2015. *See* Dkt. 6, Administrative Record ("AR") 16. The application was denied |
| 4 | upon initial administrative review and on reconsideration. *See* AR 16. A hearing was held before |
| 5 | ALJ Elizabeth Watson on July 24, 2018. *See* AR 16. In a decision dated October 24, 2018, the |
| 6 | ALJ determined Plaintiff to be not disabled. *See* AR 25. Plaintiff's request for review of the |
| 7 | ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision |
| 8 | of the Commissioner. *See* AR 15; 20 C.F.R. § 404.981, § 416.1481. |
| 9 | In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the |
| 10 | medical opinion evidence; and (2) evaluating Plaintiff's subjective symptom testimony and the |
| 11 | lay witness testimony. Dkt. 8. As a result of these alleged errors, Plaintiff requests an award of |
| 12 | benefits. Dkt. 8. |
| 13 | STANDARD OF REVIEW |
| 14 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 15 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 16 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 17 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 18 | DISCUSSION |
| 19 | **I.    Whether the ALJ properly evaluated the medical evidence.** |
| 20 | Plaintiff first asserts the ALJ failed to include in the residual functional capacity ("RFC") |
| 21 | those limitations opined to by Drs. Eisenhauer and Donohue despite giving the opinion great |
| 22 | weight. Dkt. 8, pp. 3-5. Plaintiff next contends the ALJ erred by improperly evaluating the |
| 23 | opinion of Dr. Brett Valette. Dkt. 8, pp. 5-8. |
| 24 | |

1   In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

2   reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

3   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

4   (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or

5   examining physician's opinion is contradicted, the opinion can be rejected "for specific and

6   legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

7   830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*,

8   722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and

9   thorough summary of the facts and conflicting clinical evidence, stating his interpretation

10  thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

11  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

    A.  <u>Drs. Eisenhauer and Donohue</u>

    Disability Determination Service ("DDS") psychologist Dr. Eisenhauer completed a mental residual functional capacity assessment of Plaintiff. AR 66-68, 78-80. Dr. Eisenhauer opined Plaintiff was able to follow 3-step instructions and to make simple work-related changes. AR 78. She also opined Plaintiff was capable of superficial contact with coworkers and supervisors. AR 79. Dr. Donohue later reviewed and affirmed Dr. Eisenhauer's opinion. AR 96-97, 112-113. The ALJ discussed Drs. Eisenhauer and Donohue's opinion and gave it great weight, saying:

    > These opinions have also been accorded great weight to the extent that they are consistent with the limitations assessed in the residual functional capacity as these limitations are supported by the observations of the claimant in the record as well as the mental status findings of Dr. Valette, discussed above. They are also consistent with the claimant's reported activities.

    AR 23 (citations omitted).

Although the ALJ afforded Drs. Eisenhauer and Donohue's opinion great weight, Plaintiff asserts the ALJ erred by failing to include some of the opined limitations in the RFC. *See* Dkt. 8, pp. 3-5. Plaintiff points to three limitations opined to by Drs. Eisenhauer and Donohue and claims they were not incorporated into the RFC. First, that Plaintiff is able to follow 3-step instructions; second, that Plaintiff is capable of superficial contact with coworkers and supervisors; and third, that Plaintiff is capable of "simple work related changes…" AR 66-67. In the RFC, the ALJ found that Plaintiff is able to perform sedentary work. AR 20. The RFC continued as follows:

> In addition, the claimant must be allowed to alternate sitting and/or standing positions as needed while remaining on task. He will require a cane as needed for ambulation. The claimant is limited to occasional pushing and/or pulling with the left lower extremity. The claimant is also limited to occasional climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds. He is further limited to occasional balancing, stooping, kneeling, and crawling. He must never crouch. He must also avoid concentrated exposure to extreme cold. He must avoid even moderate exposure to workplace hazards such as hazardous machinery and unprotected heights. *Finally, the claimant is limited to understanding and carrying out simple instructions and he is limited to no contact with the general public and no more than occasional contact with co-workers and supervisors.*

AR 20 (emphasis added).

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-1395 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

First, the ALJ failed to incorporate Drs. Eisenhauer and Donohue's opinion that Plaintiff is able to follow 3-step instructions. *See* AR 20. Although the ALJ limited Plaintiff to understanding and carrying out simple instructions, the ALJ did not correlate how this

1 limitation encompasses the doctors' opinion regarding Plaintiff's ability to follow 3-step
2 instructions. Second, the ALJ failed to incorporate the opined limitation that Plaintiff is
3 capable of superficial contact with co-workers and supervisors. *See* AR 20. Again, although the
4 ALJ made a similar limitation by restricting Plaintiff to no more than occasional contact with
5 co-workers and supervisors, this limitation does not directly incorporate the doctors' opinion
6 limiting Plaintiff to superficial contact with co-workers and supervisors. Third, the ALJ failed
7 to discuss Plaintiff's ability to respond to changes in the workplace. *See* AR 20. Accordingly,
8 because the ALJ gave Drs. Eisenhauer and Donohue's opinion great weight but did not include
9 all the limitations contained therein in the RFC, the ALJ erred by failing to consider significant
10 probative evidence. *See Flores*, 49 F.3d at 570-571.

11 "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
12 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
13 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*
14 *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.
15 The determination as to whether an error is harmless requires a "case-specific application of
16 judgment" by the reviewing court, based on an examination of the record made "'without regard to
17 errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting
18 *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

19 In assessing the RFC, the ALJ limited Plaintiff to understanding and carrying out simple
20 instructions and to no more than occasional contact with co-workers and supervisors. AR 20. In
21 contrast, Drs. Eisenhauer and Donohue opined that Plaintiff is able to follow 3-step instructions
22 and is capable of superficial contact with co-workers and supervisors. AR 66-67, 96-97. The
23 RFC does not address Plaintiff's ability to respond to changes in the work environment, despite
24

Drs. Eisenhauer and Donohue opining that Plaintiff is capable of simple work changes. *See* AR 20, 66-67, 96-97. As the ALJ gave the doctors' opinion great weight but did not include in the RFC all the limitations contained therein, the RFC is defective. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings). In summation, the ALJ did not consider Drs. Eisenhauer and Donohue's opinion in its entirety or include all the limitations contained therein. Therefore, the Court finds the ultimate disability determination may have changed if the ALJ properly considered Drs. Eisenhauer and Donohue's opinion. Accordingly, the Court directs the ALJ to reassess Drs. Eisenhauer and Donohue's opinion on remand.

### B. Dr. Valette

Dr. Valette examined Plaintiff in March 2017 for the DDS. AR 648-652. Dr. Valette opined Plaintiff cannot maintain concentration and attention sufficient to carry out an extensive variety of complex instructions, but can maintain concentration and attention sufficient to carry out simple one and two step instructions. AR 652. The ALJ discussed Dr. Valette's opinion and gave it some weight, saying:

> This [opinion] has been accorded some weight, as it is consistent with the finding of his evaluation; however, the longitudinal record establishes that the claimant would have some cognitive and social limitations due to his mental impairments. Nevertheless, the mental status findings and the observations of the claimant suggest that the claimant is not as limited as he alleged.

AR 22 (citations omitted).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

Plaintiff argues the ALJ failed to recognize or include in the RFC Dr. Valette's opinion that Plaintiff is limited to carrying out one and two step instructions, nor did she provide any rationale for rejecting the limitation. Dkt. 8, p. 6. The Court agrees. Although the ALJ limited Plaintiff to simple instructions, she did not go far enough, as she failed to discuss Dr. Valette's opinion that Plaintiff is limited to carrying out one and two step instructions. *See Flores*, 49 F.3d at 570-571. Without discounting the limitation opined to by Dr. Valette or including it in the RFC, the ALJ committed error by failing to consider significant probative evidence. *See id.* Accordingly, remand is necessary to allow the ALJ to reconsider the entire record at each step of the sequential evaluation process.

**II.    Whether the ALJ properly considered Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations, as well as for the lay witness testimony. Dkt. 8, pp. 8-14. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and of the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and lay witness testimony on remand.

**III.   Whether an award of benefits is warranted.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 8, pp. 1-2. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined, on remand, the ALJ must re-evaluate the medical evidence, Plaintiff's testimony, and the lay witness testimony. *See* Sections I and II, *supra*. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of March, 2020.

David W. Christel
United States Magistrate Judge